Good morning. Good morning, counsel. I'm Peter Goldsteiner, appearing for the appellants. I'd like to focus today on the second prong of the IAC issue that the Court contained in its certificate of appealability, and that is whether or not trial counsel was ineffective for not conveying the offer, that is, or having the client accept the offer to the 9-year, allegedly offered by the trial judge in this case. This case, I think, is the way that you say counsel failed to communicate. Well, I think it's a two-part thing. One, why didn't counsel have the client enter the plea to the 9-year offer if, in fact, it was communicated by Judge Zalucki, if trial counsel understood that that was, in fact, the offer by Judge Zalucki. You're suggesting, then, that counsel had the duty or the burden of persuading her client to take the plea. I think the crux of the problem of this case is that counsel did not understand the Romero case in California, did not understand that the trial judge had the power and the discretion to strike, strike priors, and guarantee, that's the word that was used consistently throughout the transcripts, the 9-year offer to the client. That is the crux of the problem here. And the reason why we're here is that at the eventual hearing, the judge holding that hearing never allowed that explicit finding to be made. He consistently sustained his own objections and that of the other prosecutor to all questions that explicitly elicited a response, whether or not trial counsel understood that this was, in fact, a power that a court had and it was simply not a indicated sentence as defined by Respondent, which is in California, simply a quasi-promise that can be breached by the trial judge upon receiving additional information and or a suggestion that this might be the sentence. Roberts, give me some help with the sequence here. The offer was made by the district attorney's office, but it appears, this is where I need some help, was the offer withdrawn at a certain point? The trial was made by the district attorney's office and approved by the master calendar judge, Beaupre, prior to the time that the matter was assigned for trial. At that time, the client did not accept that offer. Thereafter, when I went to Judge Delucchi's department, the record becomes unclear as to whether or not at some point Judge Delucchi made that offer himself. As a result, the court of appeal remanded this matter for an evidentiary hearing following the Petition for Dependable Corpus, explicitly asking an answer to the question, why did, if Judge Delucchi made such an offer, the trial court go back to the master calendar department at the appellant's request to find out if a 9-year offer was still available? All right. Here's where I'm concerned. Who has the power to make the offer? The deputy DA did and then it was withdrawn. Can a judge who just sort of is incidental to the proceeding come along and make an offer? The judge at any time can strike priors at his own discretion and impose a sentence over the objection of the prosecutor. And that's the crux of the problem, Justice Scanlon. So when we say, when the judge talks about making a 9-year offer, what we need to read subliminally is that he is willing to strike the priors sufficient that the sentence would not have exceeded 9 years at that time. That's correct. All right. That decision was rendered in 1996 in the Romero decision. This case was adjudicated in 1997. It appears clear from the record, from numerous entries which I can refer to, but they're in the briefs, that the trial attorney was not aware of this power by any judge, because she consistently says that the district attorney withdrew the offer. She consistently says, I can't guarantee, I couldn't guarantee what Judge Zalewki would do. I can't guarantee what any judge can do. That's replete from the record. The problem is when it was explicitly, when a finding to that degree was explicitly sought at the evidentiary hearing by the habeas counsel, the court holding the evidentiary hearing consistently sustained objections to that explicit question. And I can give citations. It's in the brief as well. And that's why we have an ambiguous record, not due to the fault of appellant, but due to the fact that this question was never explicitly answered by the trial court, by the court holding the evidentiary hearing. And that is, that is really the crux of the problem on this issue. Well, I think you have to have stronger evidence than an ambiguous record to overcome the H.C. hurdle. It's not ambiguous. Counsel. I'm sorry. You said it was ambiguous, but wouldn't Judge Zalewki's comments indicate that it's not ambiguous, given that during the motion for the new trial, Judge Zalewki said he didn't understand, he was at a loss to understand why the trial counsel went to the master calendar judge and just didn't ask him for the, he was at a loss to understand. Right. I mean, do you think that's ambiguous as to whether or not that offer was available? The reason he didn't understand it was because he didn't understand that the trial counsel didn't understand that he had that power. That was part of the problem. Right. The judge is saying, the way I see this is that the judge is saying at the motion for the new trial, you know, if your client wanted that 9-year deal, why didn't he just ask me for it? Why did he go to trial? Because the counsel didn't understand, Your Honor, that Judge Zalewki had that power. That's why she went back to the master calendar judge for that offer, and that's why the court of appeal remanded it for an evidentiary hearing, because they couldn't figure out why that happened either. And at the evidentiary hearing, and I misstated by saying it was ambiguous. The only thing that's ambiguous is that the court didn't allow explicit questions to that, answers to that question. In all other respects, trial counsel repeatedly states that she did not believe that Judge Zalewki had the power to guarantee 9 years. Right. So the ineffective assistance here is not the responsibility to adequately explain things to the client. The ineffective assistance is her malpractice in not knowing what the law is and requesting the relief that her client wanted of the correct judge. Isn't that right? Well, I think her ineffective assistance was, number one, misunderstanding the necessity of defense and totally giving a version that was impossible for it to be a litigated trial. That's clear as well, but I'm not arguing that here. In the context of what your question is, Judge Woodlaw, yes, that is part of the problem. She didn't understand the law. On the other hand, she never even explained the fact, if she did understand it, to the client and never got an explicit answer from him whether or not he accepted it. So those are components of it, although there may be proof perhaps of her lack of understanding herself rather than separate aspects of her ineffectiveness. But I'm still a little mystified by this, and maybe you can help. If she didn't appreciate that a judge had the power to make such an offer, why did she go to the calendar judge and ask if that offer was still available? Because he's the one that gave the 9-year offer initially at the time of the pretrial discussions, even though this concerned you. Well, what made her think that only the calendaring judge, Judge Bupre, had that power? Because that is where the 9-year offer was made. When you say the offer was made, this is where I go back to my original question. I thought the offer originally was made by the deputy DA. It appears to have been made by the... And later withdrawn. And she thought it was withdrawn. Seemingly withdrawn. The record is not totally explicit on that point. But seemingly it was withdrawn, and as a result of that, she felt that she could go back to the master calendar judge and somehow revive that offer. And she said repeatedly in her record that she could not obtain such an offer from the trial judge, Judge Zaluki, because of the fact that the district attorney had withdrawn the offer and that the judge could not guarantee, that was her words, repeatedly, the 9-year offer. And that can only mean one thing. She did not understand the Romero decision. I take it that in the sequence that Judge Zaluki did not understand she had gone back to the calendaring judge to make the request. At that time, he learned about it later. No. He apparently understood that at the time of the, before the trial began, because they left the courtroom, presumably, and went off someplace to do that. But he didn't understand why she did that, because, as Judge Wardlaw said, why would she do that if he had made the offer? And that's proof of the fact that she didn't understand the offer or the law. At 8 minutes, I'll reserve the rest. You may reserve your about a minute. Thank you very much. Good morning. May it please the Court. Ross Moody, Deputy Attorney General for the State of California. If I may, I think it might help if I clarify how plea bargaining occurs in state court. The judge does not make an offer in a plea bargaining setting. The district attorney makes the offer. The judge ratifies it. And if it's accepted by the defendant, then there's a plea bargain. And there are no appellate remedies by the prosecution. They're saying, we will accept this sentence for this offense. Now, in Alameda County, the reason that you do plea bargaining is to reduce the burden on the trial court. So when you come to the calendar department, you're offered a plea. And it's good while you're in the calendar department. If you're sent out for trial, then the prosecution says the plea is not good outside that courtroom, because they're trying to resolve the case. They don't want to have to go and occupy a courtroom, occupy a trial deputy, call in a jury, and then have you decide. So that's the way that the system is set up. Are you saying, then, it's sort of the offer automatically expired after the colloquy with Judge Beaupre? That's right. Or was it literally withdrawn by the DA's office? It was the terms were, it's good in this courtroom, in master calendar. Once you're sent out for trial, then the offer is withdrawn. So accept it here, accept it here, or it's no longer on the table. All right. Now, what happened in this case is they got to the trial court, and Judge Delucchi said, why didn't you take that deal? That's a good deal. Why didn't you take nine years? And then said, I'll give you nine years. Now, that's not a plea bargain. That is a judge saying, if you plead in my court, I'll give you nine years. Now, what's the difference? That means what, he would be striking some of the prior strikes, or not considering them sentencing, or, I mean, how does he, as a practical matter, go about doing that? He would have to strike some priors. He'd have to exercise his discretion much in the favor, in a dramatic favor, in favor of the defendant. But at that time, he was able, he would have been able to do that under the law? The difference is, he would have been able to do it as an initial matter. But now, the prosecution has an appellate remedy, because they have not agreed to this. There is no longer a plea bargain that is accepted. Instead, you have the judge saying, you know what? I will give you an indicated sentence. Here's what I'll do. If you plead here, here's what I will give you. But if he goes through and strikes all the priors, the prosecutor can file a writ. He can seek a ---- He can, but he might not necessarily go to all that trouble and expense if he originally thought nine years was appropriate anyway. That's true. Although, in order to discipline the system, they're going to do that from time to time. But it's certainly a more favorable result to the defendant than, you know, getting the opportunity to accept it from the judge with the potential of having to face an appeal by the prosecution. It's certainly more favorable than what, what's-his-name got, Martinez. Yes. No, I agree with that. I'm trying to, I'm trying to give you the background to why counsel went across the hall to see if she could still get her deal. Now, it may seem silly. It may, it may not be something that every defense lawyer would do. But that's the reason that she did it. But what's most important is ---- What is the reason she did it? She did it because she was, her client was saying, can I get a guarantee? And at this point, there's no guarantee because the prosecutor is going to pop up and say, hey, we're in the trial court. There's no deal here. We're not making a deal. You can't give him nine years. We disagree. We're going to pursue our remedies. And so if she could go back to Judge Beaupre and say, is the deal still good? And if he says, eh, it's only been ten minutes, sure, then you're good. You are guaranteed, as Mr. Martinez puts it. But if you go forward and you take the nine years and it's not a plea bargain agreed to by the prosecutor, then you do have some risk and you are not guaranteed. So that's why she did it. But what's important is after ---- Is that what she said? More or less, yes. Well, what's the less? Well, this record is not the best record that I've read. There are a lot of transcription problems in it and a lot of people talking over each other. But if you look at the colloquy about, well, why did you go? She said, I was seeking the guarantee. I wanted to see if the offer was still good. She understands that there's no plea bargain without the prosecutor being involved. And California law is clear on that. There can be an indicated sentence. The judge can tell you, here's what I'll do for you. But that's not a plea bargain. That's something different. Right. Well, that's clear. But she also, okay, so she went to try to get the guarantee. And Vautre says, oh, no, you're already, now you're beyond my stage. So you've got this other judge. The other judge is saying, I'll give you nine years. You know, and she, there's no explanation why at that point she doesn't say to him, my client's indicated he wants the nine years and we'll go forward. That is the key to this case. At no point has the defendant said he would take the nine years. As a matter of fact, I encourage you to read footnote 1 in the reply brief on page 16 where he withdraws that statement from his opening brief. There is no declaration by Mr. Martinez, I wanted the nine years. I would have taken the nine years if it were communicated to me. He does not say that. And the most important citation in this case is at, it's where Judge Delucchi says, let me find it here, where Judge Delucchi says, it's at ER 90 and 91. The defendant admits that after counsel went across the hall to Beaupre, Judge Delucchi told him he should take the nine-year deal, that he would get a parole date if he took it, and that he would face 25 to life if he went to trial and lost. That's the key to this case, because he cannot show prejudice on those facts. He got this offer of an indicated sentence, and if he wanted it, he was free to take it. Now, this man had seven prior felony convictions, two prior prison terms. He'd been in this situation before. He'd been to court before. He knew a good deal when he saw it. And so if he wanted to take it, he had an opportunity to. The lawyer in this case had been in practice how long, the trial counsel? A little over two years. I thought it was a year and a half. My reading was two years. She passed the bar exam in 1995? That's my recollection, yes. Had she ever tried a felony case? Not to trial. This was her third felony. Had she ever conducted a plea bargaining negotiation of this, like this before? My understanding is that one of her two prior felony felonies was resolved by plea, and it actually was the same charge, felon in possession of a firearm. Okay. Thank you. Counsel, you have some reserve time. Let me address this question of prejudice. The court of appeal implicitly decided there has to be a resolution of this issue as to what trial counsel did and why she did it and what did she know. To put the cart before the horse and say that the client wanted to go to trial, I understand we're not talking about the necessity defense here, but he has this idea in his mind about this defense, which I think is, frankly, absurd. If he had known of the nine-year offer guaranteed, who knows what he might have decided to do? As counsel said, he was a savvy individual. He had another case pending. He might have cut his losses and done that. To suggest that, he wouldn't have pled his pure speculation and put the cart before the horse. The problem is we don't have any finding of whether or not trial counsel was ineffective because of the way the evidentiary hearing was held. The other thing we have to remember is that Judge Delucchi Wasn't the defendant in the presence of Judge Delucchi? A number of things were off the record according to the transcript. Counsel said a couple of times that when she went back to the – read the evidentiary hearing about how her testimony changes. First, she says that Judge Delucchi never made the nine-year offer at the new trial motion. Then at the evidentiary hearing, she says, well, it was kind of my understanding that he did, but it was off the record. But then she never conveys it to the client. It's equivocal testimony and it's belied by the repeated statements on her part that she did not believe that he had the power, that he could guarantee it. The fact that she did not know the Romero decision is as clear as it possibly could be, but for the fact that the Court holding the evidentiary hearing did not permit explicit questions on that point. But to suggest that he would have gone to trial anyway is pure speculation. And the California court of appeal implicitly realized that that question can't be answered without knowing the answer to the first question, whether or not she was ineffective for doing what she did. And I think it's unfair to try to guess it now after the fact that he would have gone to trial anyway. We don't know that. Had it been given the true law, it might have been a different situation. Roberts. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision.
judges: O'scannlain,hawkins,wardlaw